# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Trisha Corrine Harrington, ) | |
| ) | Case No. 5:17-cv-06112 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Equifax Information Services, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| CSC – Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Trisha Corrine Harrington, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in her Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Trisha Corrine Harrington against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

1

## PARTIES AND SERVICE

3. Trisha Corrine Harrington (hereafter "**Plaintiff**"), is a natural person who resides in the State of Missouri.

4. Defendant Equifax Information Services, LLC, hereafter ("**Defendant**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On May 26, 2011, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas as Case No. 11-21575-rdb, and converted to a Chapter 7 Bankruptcy on January 26, 2015.

6. Plaintiff included and discharged a debt owed to AT&T through the collection agency Sunrise Credit Services, Inc.

7. Plaintiff also had an unsecured debt with Johnson County Anesthesiologist through the collection agency Executive Financial Consultants that was discharged through her Chapter 7 Bankruptcy.

8. The pertinent pages of Plaintiff's Schedule F are attached as Exhibit A.

9. Plaintiff received her discharge on April 30, 2015.

10. The Notice of Discharge of Debtor was entered on May 2, 2015, showing Sunrise Credit Services, Inc., Executive Financial Consultants, and Johnson County Anesthesiologist were sent notice of Plaintiff's discharge.

11. The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit B.

12. On or about May 8, 2017, Plaintiff requested and reviewed her credit reports from Defendant.

13. Plaintiff became aware that the AT&T account was referred to a different collection agency, Enhanced Recovery Corporation in violation of her discharge, and was misreporting the account on her credit report.

14. Plaintiff also became aware that the Executive Financial Consultants was reporting a collection account for Johnson County Anesthesiologist, and was misreporting the account with a $99 balance.

15. The pertinent page of Plaintiff's incorrect Equifax credit report is attached as Exhibit C.

16. On May 8, 2017, Plaintiff sent a Dispute to Defendant disputing Enhanced Recovery Corporation and Executive Financial Consultants' incorrect reporting in accordance with 15 U.S.C. § 1681i.

17. A copy of Plaintiff's dispute letter is attached as Exhibit D.

18. Defendant failed to send Consumer Dispute Verifications to Enhanced Recovery Corporation and Executive Financial Consultants as required by 15 U.S.C. § 1681i, failed to correct the reporting internally, and the incorrect reporting remains.

19. The pertinent page of Plaintiff's incorrect Equifax credit report is attached as Exhibit E.

20. Defendant's failure to conduct a reasonable reinvestigation of Plaintiff's accounts was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to

3

Case 5:17-cv-06112-BCW   Document 1   Filed 09/07/17   Page 3 of 6

this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

21. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

22. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

23. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

24. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

25. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

    a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff in violation of 15 U.S.C. §1681i(a);

    b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to Enhanced Recovery Corporation and Executive Financial Consultants, in violation of 15 U.S.C. §1681i(a);

    c. Willfully and negligently failing to provide all relevant information

      provided by Plaintiff regarding the dispute of the inaccurate information to Enhanced Recovery Corporation and Executive Financial Consultants, in violation of 15 U.S.C. §1681i(a);

d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff; and

f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

26. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Trisha Corrine Harrington respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiff's Equifax credit report; and

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #51089
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO 64106
Phone: (816) 842-1317
Fax: (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiff